I thank you very much. Ms. Karchlis, you may proceed on behalf of the appellant. Good afternoon, Your Honors, Counsel. This is a case that should be remanded for a third stage evidentiary hearing because there has been a substantial showing that appellate counsel is ineffective for failing to raise a claim of jury indoctrination. Would it be a third stage or a second stage? I'm sorry, this is an appeal from a second stage dismissal. So the issue on appeal is whether or not the defendant made a substantial showing during the second stage that appellate counsel is ineffective for not raising this issue of jury indoctrination on direct appeal. And just to let you know, this was also a remand from this court a few years ago. Let me ask you a special question. State has argued, the fact that you did not argue in your opening brief that post-conviction counsel violated 651C, does that operate as some type of a forfeiture? I would say no, and because the reason is that the issues that are raised on appeal, that being whether or not appellate counsel is ineffective for not raising the issue of jury indoctrination with three specific questions were addressed by the trial court when she dismissed the defendant's post-conviction petition. So the defendant is appealing the trial court's dismissal order, and because all those issues are included in the trial court's dismissal order, he would be remiss not to raise all these issues on appeal. So I think since the trial court found that all these issues were properly presented during the second stage and ruled on these issues, that as a consequence, right now in our current proceeding, they are all properly before this court. And it's one central issue, which is jury indoctrination, and then there's three questions that issue specifically that the defendant has argued resulted in the jury being indoctrinated. And you're probably familiar with the questions, having seen this case before. One had to do with mistaken identification, which was the defendant's theory in the case. The second one was about lying on the witness stand. That had to do with a witness who subsequently, during the trial, denied making statements to the police. And then the third question had to do with the ABCD question, if you will, had to do with the state's burden of proof. And with all these questions, the defendant maintains that appellate counsel is unreasonable not presenting these on direct appeal. On the earlier case, we basically acknowledged and felt that those issues had arguable merit, correct? That's right. And even though you can allege they hadn't been fleshed out at the trial court level, they didn't provide any details or any allegations, didn't the trial court then somehow, it reminds me of the case earlier, end up taking on these issues and dealing with them? The trial court during the second stage? Yeah, right, exactly. Well, I mean, they were considering these issues and found ultimately that the defendant was unable to show ineffective assistance to appellate counsel for counsel's failure to raise these under plain error. So we maintain on appeal that that decision was incorrect. And the reason for that is because these questions themselves were errors, clear and obvious errors. It was presented in the direct appeal record, and one of the questions was objected to, the one that you identified in your earlier decision, about the mistaken identification. And the law on jury indoctrination is very clear. The purpose of Whittier is to select an impartial jury. That corresponds with our Sixth Amendment right for the accused to have a fair trial before an impartial jury. Now, the trial court below got this wrong, and the reason for that is because the case law, as I just mentioned, supports this argument. And it really boils down to this was clear and obvious error, and it also then prejudiced the defendant two ways. This could have been raised on direct appeal. Actually, I'll add a third one that wasn't discussed in brief, but this could have been raised under plain error. Also could have been raised under ineffective assistance of counsel. And the third thing, which I understand we didn't discuss, is abusive discretion because the trial court is in charge of Whittier. So the first issue would be whether or not this appellate counsel was ineffective for not raising this as a claim of ineffective assistance of trial counsel. We maintain that appellate counsel was unreasonable for not presenting this, the reason being trial counsel objected to only one of these issues and didn't preserve the issue in the post-trial motion. He didn't object to the second jury. He objected to the one that went to his theory in the case, but then didn't include it in the post-trial motion. And had he done so, on appeal, defense counsel could have argued, appellate counsel could have argued, had trial counsel objected to these and preserved it, then the state would have had the burden of showing beyond a reasonable doubt that these were harmless. It would have shifted the burden to the state. But counsel didn't preserve these issues. He only objected to one contemporaneously. He didn't ask of the entire veneer. Yes. It sounds to me like, or at least from what I can discern from the record, that it's one of these group settings and everybody's present. I like to think everyone's paying attention. However, they are asking these questions specific to specific jurors. And I think we broke down sort of the makeup of that in the brief itself. So what the state was doing here was selecting a jury that was receptive to its theory in the case. Its theory was the defendant's mistake in identification. Defense was nonsense. And they were trying to figure, they were selecting jurors who would be receptive to their approach to that defense that the defendant was raising. Additionally, the problem with this is if you look at Rule 431A, that specifically says that the questions during the blood air can't do with the, excuse me, concern matters of law or instructions. Well, that applies to the issue about recanted statements. Excuse me. That's covered by Section 3.11, IPI 3.11. Sorry. And so, again, what the state is doing here is it's asking the jury, selecting members of the jury who are receptive to sort of agreeing with these questions that they're asking. And, you know, what they ask is, do you believe it's possible for a witness to lie under oath to protect someone? Well, that's a fact in the case. This isn't fleshing out a jury that's biased or prejudiced. This has to do specifically with this case. This is not a question that is general. It's not about a matter that's in controversy, which our Supreme Court has said those questions that relate to issues in controversy are allowable to flesh out bias and prejudice. These questions that are asked here are very specific to the state's theory of the case. And that's why there was error by a court counsel for not raising this on direct appeal. Now, if this court finds that those questions were problematic, then we go to whether or not counsel should have raised it as an effective assistance of trial counsel. I think that a trial counsel was unreasonable for failing to do so because, as a consequence, these errors remained unpreserved. Furthermore, under plain error, it could have been raised. And as we argued in the briefs, we maintain that the evidence was closely balanced. And we also contend that it could have been found error under the second prong of plain error. Now, is it correct that in the amended petition, defense counsel asserted that the state asked improper questions, which indoctrinated the selected jurors during voir dire in anticipation of defendant's defense? That's right. And I think that goes to the defendant's defense that he was misidentified, which has to do with the one witness, the carjacking victim, who said he was 90 percent sure but notably didn't make that additional identification of the defendant in this case until his testimony. So there was some reference to the jury indoctrination issue. That's right. And I mean, that was really the only issue, unless the counsel was going to supplement with something entirely new. If PC counsel raised this pursuant to this court's decision, remanding it, I mean, that's the only issue this court remanded it on, was this jury indoctrination. So counsel, at the very least, had a duty to read this court's decision and amend the petition accordingly. Now, if he failed to do so, and if this court finds that any of these issues are waived, notwithstanding the fact that the trial court in dismissing the petition ruled on all three of these specific claims, if this court finds that there's some issue waiver there, well, then the PC counsel's failure to follow this court's decision, I think, would be a 651C violation. He raised one of the three, right? Well, yes and no. And the reason I say it like that is because what happened was there was transcripts attached about the ABCD question, which this court laid out in its opinion, and all these questions are part of the record. Now, clearly, void error is part of the transcript. So he doesn't actually have to include those pages. They're already part of the record now at the convenience of the court. Should they be included? Sure. But I think what's important here is that what we're appealing right now is the dismissal order. And the trial judge did rule, in the PC proceeding, did rule on all three of these issues. She found that one was error, which had to do with the question about identification, which, again, as this court said in its earlier decision, had to do with the defendant's theory in the case, that he was misidentified. And she also ruled on the other two questions. She didn't find them error, but we maintain that they were error, and we further maintain that counsel is unreasonable for not raising it on direct appeal. The Supreme Court is very clear on this. It's always our Sixth Amendment. You have an absolute right to an impartial jury. The fact that these questions went to the heart of the state's case and that a state was trying to flesh out who would be receptive to these questions, notably they struck two of the jurors who seemed to express concerns about two of the questions. Or I shouldn't say two of the questions. It was two jurors who were subject to preemptory challenges. So what we know is we did end up having a jury that heard all these questions, and at this point it's impossible to say that the jury wasn't biased. We can't say the jury was impartial because these aren't the type of questions that are general. These are specific to the facts in the case, and our Supreme Court has said that's not permissible. Were those questions objected to at the trial? The one question was, which was about the state's theory in the case. And it was overruled? Yes. And the non-preserve, which is why appellate counsel should have raised it in undirect appeal. How do you not raise that? He objected to it, trial counsel, but then he didn't include it in the post-trial motion, and as a consequence, it's weight. If you had argued on direct appeal that this trial attorney not only should have objected, which was correct, but included it in the post-trial motion, then you'd have a very different situation. Appellate counsel would have to show under Strickland that there was a reasonable probability the outcome would have been different, and had this error been fully preserved, it would have shifted the burden of persuasion to the state to show the jury was not biased, which I think is difficult to do given how specific these questions are with regard to the facts in the case. These aren't just general questions, and again, they're not issues that come into controversy. So they shouldn't have been permitted. So the fact that direct appeal counsel then argued in effect assistance of a trial counsel, that is unreasonable, given the case law that supports it. So this is no question under our system. You get an impartial jury, notwithstanding the evidence against you, and that's why we have void here conducted by the trial court under Rule 431A and B, and in this case we maintain that it was 431A. In addition to the constitutional violation, Sixth Amendment, right to impartial jury, also 431A says specifically that the questions can't address instructions and matters of law or instructions. Well, these questions, if you look at the three questions at issue here, the one about recanting statements, that is covered by 3.11. It also goes to the province of the jury whether they find this particular witness. She denied making earlier statements. What's up with the jury to this side? But the problem here is we know the jury selected had already heard the state's question about whether or not they believe it's possible someone could lie on the witness stand to protect someone. So then lo and behold, you know, here's this witness. Well, the jury's already kind of been primed to anticipate this, and given that credibility determinations are solely the province of the jury and covered by an instruction, this question was improper. Similarly, the ABCD question is also improper because what the state did was basically tell the jury and those selected for the jury they can disregard D. They labeled everything that the defendant presented in his defense as D, if you look at their rebuttal argument. So this isn't a situation where they pose these questions during court hearing and never brought the subject up again. This is rebuttal. This is the last thing the jury hears, and they're told, remember ABCD? Well, these are the defense's evidence. And essentially, the prosecutor's telling the jury that's not relevant. Well, wait a second. The jury is supposed to hear and consider all the evidence. It was deemed relevant. Any of the evidence presented by the defense is deemed relevant. Otherwise, it wouldn't have been admissible. What's wrong with arguing that that evidence is not relevant? Well, I think that the problem with calling it irrelevant, there's a way to attack the evidence and contrast it to the other evidence presented at trial. For instance, there was an issue about the carjacking victim and his ability to identify. Well, what you say here to the prosecutor is he came into court, said it was 90% certain this was the offender, and you can do it that way. But to dismiss an entire body of evidence presented by the defendant and say it's irrelevant when we know for admissibility standards it is relevant, and this is a bookend. This is the other problem. This is rebuttal argument. This is the last thing the jury hears. It was also the first thing it heard when it was selected. So it's essentially told from beginning to end to disregard the defense's evidence, and that's not proper. The jury is required to weigh all the evidence. They could disregard it on their own, but the concern is that during jury selection, there are already being fleshed out those who might not be receptive to this idea by the state, and these are in laymen. The jurors are not lawyers for whom we'll believe. So if they hear this, you don't have to listen as deep, which they then label in rebuttal as the defense evidence. You know, what do we have left? I say we have a jury that's partial and a jury that's biased, and we can't even though they're told that argument is not evidence. Right. It's just the lawyer's opinion as to what the evidence is, and if it's not evidence, you should disregard it. Sure. Aren't there enough protections such that if the lawyer says, well, all these Ds, A, B, and C, or we're good with A, B, and C. All these Ds are not relevant to the issue of guilt. Sure. What's wrong with that? Well, I think that what's wrong with it is that the jury being selected is hearing from the outset that they can disregard what the state then labels as D. That's the concern. Had this question not been posed during jury selection, and then perhaps maybe the state made this argument, the problem is they tie together. And then throughout the proceeding, the jury's hearing evidence that the state, with these three questions, not just the A, B, C, but these three questions anticipate the state's evidence and the state's And the state, in asking these questions, wants a jury that is receptive to this. And the Supreme Court is very clear. That's not the purpose of the lawyer. How do these questions flesh out bias and prejudice when these specific questions have not been identified as something that would be a controversial matter? All right. All your time is up. Thank you very much. Thank you. We'll have the opportunity to address the Court again in rebuttal. Mr. London, you may proceed. Good afternoon, Your Honors. Counsel. Your Honors, this case has taken a fairly tortured path to get here today. I'll very briefly refer to what happened below, because it's interesting that counsel has suggested how does, did counsel, did appellate counsel not raise something? How did PC counsel not raise something? I guess I can question why didn't appellate counsel, who I notice is arguing off brief, but not raise something? Why do we say that? Because these same issues in the appeal from the first PC were not raised in the opening brief. It wasn't until the people. The 51C argument. I said the first appeal from the first PC, from first stage dismissal. And the people said, wait a second, you haven't raised ineffective assistance of appellate counsel. You actually have not raised ineffective assistance of trial counsel, which the appellate counsel acknowledged. Ineffective assistance of trial counsel has technically never been raised or was not raised until the appeal from the first stage PC. At that point, the people argued, you haven't raised ineffective assistance of appellate counsel, therefore you forfeit it. This court agreed and dismissed the case. Defendant filed a petition for hearing and said, no, no, no, we really mean Hodges. All we have to do is show a gist. And this court, without even commenting, and you actually can't find the original Rule 23 on Westlaw, just changed the opinion and now said defendant wins. Similar on this appeal, defendant did not raise unreasonable assistance of counsel until the people said, again, you forfeited. You have to raise unreasonable assistance if you want to attack what happened below. And then the defense said, you're right, unreasonable assistance. And then finally, actually, there's supplemental pleading saying unreasonable assistance. The point is that none of this was raised previously. Even when this court determined that there were two arguable instances of potential error, this court did not find that the ABCD was one of those. The court did find the ID in the witness line. This court did not find that the ABCD was potentially or arguably. So what happens? It goes down and on PC. I disagree with the assessment that the judge found that there wasn't forfeiture. Judge Prather said, I believe these are forfeited. However, because I have, in essence, been directed by the appellate court, I'm going to address these despite the fact that defendant hasn't raised the two issues that the appellate court said might be arguable error. Strangely, they only raised the ABCD issue. So are you saying that the decision of the trial court to deal with the issue excuses post-conviction counsel's failure to amend the post-conviction petition to adequately present the claims? No, I'm not saying it does, but I'm saying, strangely enough, we're going to be taking a weird position as to what the ultimate remedy would be if this court were to determine. We're getting anxious. What is your ultimate conclusion? The ultimate conclusion is the defendant did argue in the supplemental brief, like send it back for a new second-stage hearing. What's the point? If, indeed, Judge Prather had not examined fully the issues, then we would say that might be appropriate if this court were to determine that the judge didn't have an opportunity. But since the judge did, again, alternatively, the judge says, I find they're forfeited, but alternatively, I'm going to address them. So the point is not that the judge didn't find they were forfeited and this court shouldn't find they were forfeited, and we think that they reached the right decision the first time in finding it was forfeited, and we cited the moral case for the proposition where this court had said, even if there was merit to the underlying claim, we still have to honor forfeiture. Regardless, the point is there's no point in a remand for second-stage proceedings because the court did consider the issue, so it's been fully litigated. Defendant argues in their opening brief here remand for third-stage proceedings. The only problem with that is what is a third-stage proceeding going to discover? Even if we were to arguably agree, and we're not necessarily doing that, but even if the people were to agree that trial counsel was ineffective for failing to object and preserve, original appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness, appellate counsel from first PC was arguably ineffective for failing to properly raise appellate counsel's ineffectiveness, PC counsel is unreasonable, and now appellate counsel in this appeal is ineffective for failing to raise PC counsel's unreasonable assistance. Where does that get us? If we have a hearing where we call all those attorneys and they all acknowledge I was ineffective or unreasonable, we get to the same stage where we have the trial judge saying, okay, assuming error, assuming that forfeiture is waived, so you forfeited forfeiture, what then does the trial judge do? The trial judge then looks at the merits of the claim, which she did. The only potential thing that a third-stage hearing could do, and that's against the law, would be to call the jurors and say, what was your mindset? Why did this? Did this overcome your, you know, your interests? And so our view is that it's against the law. What do you mean? It's against the law to call a jury back and say, why did you make this determination? The only cases that the people have found, and we didn't cite them because they're not on point, where you can call a jury in is in bribery or threatening cases. Something outside the deliberations. Clearly outside the deliberations. You can't enter the mind of a juror. You can't enter the mind of a juror. So, again, so a third-stage remand isn't beneficial either. So we're taking the unique and potentially shooting ourselves in the foot position by saying, if this court were to find that, one, there was error, and, two, the error was so egregious, really the only remedy would be a pre-Banford trial. But did defense counsel substantially comply with Rule 651C? We're suggesting probably not. Well, how could he if he didn't follow the instructions of the court? Well, again, to the extent that the, I mean, again, Judge Prather kind of begged the question. Judge Prather said, well, I'm assuming that we're basing this not just on the second PC but on the first PC. And this court, the appellate court, said the first PC at least arguably raises these issues. Realistically, that's not accurate. Again, looking at the two opinions that this court has previously reached from that PC, this court basically acknowledged, and if you look, again, it's literally involved in the case, but if you look at the first briefings, defendant never argued that counsel was ineffective for failing to raise Gladier. Defendant argued counsel was ineffective for a totally unrelated matter and argued that the people improperly did something during Gladier. For the first time on appeal, counsel said, hey, wait a second, that implies that the trial counsel was ineffective for failing to raise this issue. We objected to that but also said, well, you also would, the only way to preserve that on appeal is arguing ineffective assistance of appellate counsel. So that's why I went through kind of that torture that even if we have each attorney, so arguably speaking, it's a rare circumstance where we're kind of acknowledging, technically speaking, trial counsel probably should have raised this issue. Appellate counsel probably should have said at least raise the issue of counsel's ineffectiveness. Appellate counsel from PC should have argued ineffective assistance of appellate counsel. Certainly PC counsel should have raised this more properly. And on appeal, in the opening brief, not in the reply, appellate counsel should now have said unreasonable assistance failing to comply with 651C. The point being is if none of that was addressed by Judge Prather, we would almost have to concede. Probably we wouldn't because we generally don't, but we'd almost have to concede. That, yeah, alternatively, let's re-end it for a new stage two hearing. But you're saying the judge addressed it? The judge addressed it. If the judge addressed it, it doesn't mean, in essence, the judge used this court's opinion to say there is at least a preliminary finding that under the much different standard, i.e. the JIST standard, a minimal standard, that's sufficient for me to address these issues. Well, glad some have read it. I'm sorry? I'm glad some haven't read it, right? Indeed. And it's kind of awkward. Also the defense counsel did not. It's kind of awkward and a little bit strange that this is the second time that the people have pointed out on appeal that, wait a second, defense, appellate counsel, you need to raise this in the correct form. I mean, whether or not the poor defendant has been underrepresented in some way, the fact is, as this court said at Morrow, even if there's merit, forfeiture matters. You can't just keep ignoring forfeiture after forfeiture after forfeiture. And that's what I asked you initially. The fact that the circuit court got into the matter, does it excuse post-conviction counsel's failure to amend it and properly present the claim? And, again, my answer is no. And if so, do you have any case law that says that's okay? I don't. I don't think it excuses counsel's forfeiture, but it basically makes it unwound around. In other words, assuming for argument's sake, this court says counsel is unreasonable, and I don't think that that would be an unreasonable finding. All that would happen in a normal case, if that hadn't been addressed, would be a remand. So it doesn't excuse it. It's still forfeited, but it has been addressed, so it is right for this court to make a ruling. So that's our position, which, as I said, is more unusual, because normally we'd say, sure, send it back, remand. But as this court might be aware, our PLA was, for whatever reason, pending in the Supreme Court for almost four years. So as a result, this case has been just sitting here forever. So if this court determines that it is time to make a decision, we think this court can make that decision. It doesn't need a further remand for a second or third stage hearing. You say she addressed those issues. Did she address them correctly? I believe so. I mean, she addressed them. Could she have gone a step further and said, in addition to making a plain error analysis, I'm also then going to do an ineffective assistance analysis for each one? Could have been a bit more clear, but if you read the order, she did. She did say both. It is, I find it is not plain error, and I find that counsel is not ineffective. Mostly addressing the original appellate counsel, but basically saying it's not, and why. And this is where we think that this court can make a decision, but this is the important point is. Defendants' defense is basically arguing that if a jury is indoctrinated, and they feel obviously clearly it was done here. If a jury is indoctrinated, in essence, that's almost a per se. If they're indoctrinated, they can't possibly be fair. They haven't really said how they're not unfair. It's their burden. Well, we've cited People v. Map, which again, we disagree with how it's distinguished. We believe that it's more positive for us. In People v. Map, the court said, the jury has been indoctrinated. They've been, I don't have the exact language, but basically, it's the most egregious example of indoctrination we've ever seen. Also, during closing arguments, the court clearly argued and passionately inflamed the jury. Regardless, despite this, and we are saying it's bad and go and sit no more, it doesn't matter because the evidence was overwhelming. That's what Judge Prather said here. Judge Prather said, this court did not find that the ABCD, the only issue raised on Second PC, this court did not say it was arguable that it was a violation. Judge Prather agreed. Judge Prather then analyzed the other two and said, one is not. Again, it's not now an arguable standard. It's a substantial violation of constitutional right. I find it's not because it was an error. The third one, yes, that is an error, but the evidence is overwhelming. Even if this court were to find that all three were error. May I continue? Yes. Even if this court were to find that all three were error and it was arguably exacerbated by the closing argument, that is Map. Defense tries to distinguish Map and say, no, no, the evidence was much stronger in Map than here. That's not accurate. In Map, they say the evidence is stronger because there was three eyewitnesses and we don't have an eyewitness here. That's right, but it's wrong. The three eyewitnesses in Map never identified the defendant. Defendant and co-defendant had masks on. All the three eyewitnesses testified to was a sequence of events that was arguably similar, not identical, but similar to defendant's confession. So all they had in Map was defendant's confession and three eyewitnesses saying that it happened similar. Here we have defendant's confession. We have his brother that said he confessed to me. We have a girlfriend that said he confessed to me. We have an eyewitness to a carjacking that took place a week earlier. 90%. That said, admittedly, I'm 90% sure. And again, that's an assessment for the jury to make. I'm 90% sure that it was defendant and we certainly tied defendant to that gun and the ballistics tied the same gun to the gun that was used in the killing of the instant case. We have defendant fleeing the scene. We have defendant saying, here's what I did with the gun and I buried it, by the way, a block from my house. And that's where the gun was found. So we have a much stronger case in this than in Map. We also have, to the extent that we're arguing. Well, every time there's an experiment, I want to get rid of those. Of course. Thank you. Ms. Markless. The state seems to be litigating this court's decision upon my hearing. I think that the court's decision was very clear that there was an arguable claim of ineffective assistance of appellate counsel for not raising this issue. As appellate counsel on this appeal, we would have been remiss not to raise these issues, which are in the judge's order. Furthermore, as counsel implicitly has conceded, this is a 651C violation. If this court finds that these issues were weighed, because presumably counsel did read this court's order very well. What do you make of his argument that, well, they may not have raised them, however the judge addressed them? Well, sure, the judge addressed these claims, and she did find that the witness identification claim was error, but that the evidence was overwhelming. She didn't talk about Strickland, if I'm correct. In light of the fact that she's addressed them, do we need to find there's a 651 violation and send it back? I think that this court should rule on the merits. The state did respond to our 651C argument, the brief we filed, and I think that we're appealing the judge's order dismissing this post-conviction petition, which the basis was on remand, ineffective assistance of appellate counsel for not raising this specific issue. Originally, you prayed for remand for third-stage proceedings, so now you're thinking we should just deal with the merits? That's an alternative. Well, it's interesting when it isn't effective assistance of appellate counsel, because whether the court finds legally, have you been presented with this issue on direct appeal, you could have decided based on the record as it stands, but you weren't. So that's why we're in the post-conviction context. And as a consequence of that, all he has to do, we're still at the pleading stage, all the defendant has to do is make a substantial showing on the record that counsel was ineffective for not raising this under either Strickland, ineffective assistance of trial counsel, which, as I said, he is prejudiced, arguably prejudiced, where he did not argue that trial counsel failed to preserve this issue, which would have shifted the burden to the state. The other thing is, plain error. The state is only talking about the first prong, regardless of whether the evidence is close. There's also a second prong, plain error, and this goes to the heart of our judicial system. This is what the courts have been glassed for. Did the error erode the integrity of the judicial process and undermine the fairness of the defendant's trial? We're arguing from the outset that he did not have an impartial jury. We say that undermines the fairness. That's the bedrock of our system. This is a criminal case. It's a murder case. The defendant is doing essentially natural life, and he was entitled to an impartial jury. The state's questions fleshed out those that would be receptive to its theory in the case. And for those reasons, and those stated in the brief, we ask that this court remand for a third stage because that's the proper procedure under our Post-Commission Hearing Act. You know, remind me of something because my memory is a little fuzzy here, but how many peremptories were exercised by the state? Two. So, you know, for certain, there were two people they found, and I can't speak for them. Maybe that's why we have an evidentiary hearing to find out where were those two. Were those the two who had concerns and expressed hesitation about some of these questions? I mean, that's what the Post-Commission. Well, did the record reflect that? It says a preemptive challenge, but I'm not sure. I mean, it's a preemptive challenge, but I can't get into the mind of the prosecutor as to why. No, no, no. But did the record reflect any hesitation by those two potential jurors in answering those questions? I'd have to go back and check the record, but I know in our briefs we did. I believe one of the jurors said that it was strange. I apologize. I don't have a citation off my head. This record site is available inside the brief. And that goes to the basis of our argument. We think this is fully preserved as in the right way. But it's before this court properly, subject to the trial court dismissing his petition at the second stage. If it's waivered, then it should go back on 651C. Undoubtedly, the state did not respond to our brief on that issue, and they've also implicitly conceded here on that issue. So for those reasons, I ask that you remand for third stage. Or remand for second stage so B.C. Counsel can properly present the claim pursuant to this court's decision. Thank you, Ms. Barclay. Thank you for doing double duty today. Thank you again for coming to the court schedule. At this time, I'd like to thank both counsel on behalf of the panel for the quality of your arguments here this afternoon. A written decision will, of course, issue in due course, and we stand adjourned, subject to call.